[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12733
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-00040-JRH-GRS


HAMILTON KINARD,
BRITNEE KINARD,

                                        Plaintiffs - Appellants,

versus

JOHN GALLINA,
Individually and as Agent of Purple Heart Homes, Inc.,
DALE BEATTY,
Individually and as Agent of Purple Heart Homes, Inc.,
ASHLEY DOANE,
Individually and as Agent of Purple Heart Homes, Inc.,
JIM LONCAR,
Individually and as Agent of Purple Heart Homes, Inc.,
PURPLE HEART HOMES, INC.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 5, 2018)

Before MARCUS, JORDAN, and ROSENBAUM Circuit Judges.

PER CURIAM:

Hamilton and Britnee Kinard, represented by counsel, appeal the district court's order dismissing with prejudice their action for breach of contract, intentional tort, and stubborn litigiousness against Purple Heart Homes, Inc. and a number of individual defendants.  After review, we affirm.

The Kinards' brief contains only four paragraphs of argument, and those paragraphs contain only general legal principles.  The brief does not attempt to apply those principles to the allegations in the complaint, nor does it explain why the district court erred in concluding that the complaint failed to state claims upon which relief could be granted.

The Kinards have abandoned their claims because they have failed to provide appropriate arguments as to why they are entitled to relief.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments

2

and authority."). *See also* Fed. R. App. P. 28(a)(8) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). We therefore affirm.

**AFFIRMED.**